

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2003

# Hubbard v. Springfield Bd of Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Hubbard v. Springfield Bd of Ed" (2003). *2003 Decisions.* Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1352
_____

RALPH HUBBARD,

Appellant

v.

SPRINGFIELD BOARD OF EDUCATION;
JONATHAN DAYTON HIGH SCHOOL;
MICHAEL L. MOORE; GARY R. FRIEDLAND

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 00-cv-04041)
District Judge:  The Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2003

BEFORE: SCIRICA, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

(Filed : November 12, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Ralph Hubbard appeals the District Court's order of summary judgment in favor of Appellees the Springfield Board of Education, Jonathan Dayton High School, Michael Moore, and Gary Friedland (collectively "the Springfield BOE"). Hubbard also appeals the District Court's denial of his motion for reargument. The District Court found that Hubbard's claims of race discrimination, disability discrimination, retaliation, and breach of contract, *inter alia*, were insufficient to warrant a trial on the merits. We will affirm.

## I. FACTS AND PROCEDURAL HISTORY

Because the facts are known to the parties, we review them only briefly. Hubbard was a non-tenured custodian and bus driver for the Springfield schools during the spring of 1998 and the entire 1998-1999 school year. His contract for the 1998-1999 school year expired on June 30, 1999, and was not renewed.

In June 1998, Hubbard was asked to help maintain buses and prepare them for an upcoming state inspection. According to Hubbard, he was told by his immediate supervisor that if he did good work, when the current Maintenance Coordinator retired, he would be recommended to the Springfield BOE for promotion to that position. Hubbard

2

worked significant overtime hours on this project between June and August 1998, and was compensated for the time that was pre-approved.

On October 19, 1998, Hubbard was involved in an incident on the school bus with a third-grade child. The student was throwing a ball and Hubbard, who was driving the bus, reprimanded him, grabbing his hand in the process. At a meeting between the student's parents, the school principal, and Hubbard, Hubbard demonstrated an inability to control his temper by berating the student's mother and calling the student "hard-headed." As a result of the incident and the meeting, Hubbard was removed from duty as a bus driver and assigned custodial duties only.

On December 16, 1998, Hubbard suffered a back injury. Hubbard was on disability leave for the remainder of the school year, despite Springfield BOE's insurance carrier's determination that he could return to work in March 1999. In May 1999, the Springfield BOE notified Hubbard by letter that his contract with the school, which expired on June 30, 1999, was not being renewed.

Hubbard filed his initial complaint against the Springfield BOE in New Jersey state court. The Springfield BOE then removed the case to federal court where it was consolidated with a Federal Equal Employment Opportunity Commission claim. On June 20, 2002, the District Court granted summary judgment on behalf of the Springfield BOE, disposing of all Hubbard's claims. On January 9, 2003, the District Court denied

Hubbard's motion for reargument. This appeal followed, and this Court has jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

A.          Standard of Review

This court has plenary review of the District Court's decision to grant summary judgment. *See Blair v. Scott Specialty Gases,* 283 F.3d 595, 602-03 (3d Cir. 2002). We apply the same standard as used by the District Court. *Id.* A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

B.          Race Discrimination Claim

Hubbard claims the District Court erred when it found he did not make out a prima facie case of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD").

To make out a prima facie case of discriminatory discharge under Title VII or the NJLAD, a plaintiff must show (1) he is a member of a protected class, (2) he was qualified for the position from which he was discharged, and (3) others not in the protected class were treated more favorably. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). The District Court held that Hubbard's case was insufficient

4

on the second prong because his disqualification from driving buses left him unable to perform one of the joint duties the job demanded—custodial services *and* driving buses. Additionally, the District Court said Hubbard failed to show under the third prong that others not in the protected class were treated more favorably. We agree with both determinations.

Hubbard misunderstands the allocation of burdens for a discrimination claim. Because we find that Hubbard failed to make out a prima facie case of race discrimination, the burden never shifted to the Springfield BOE for it to give a nondiscriminatory reason for the non-renewal of Hubbard's contract. *McDonnell Douglas*, 411 U.S. at 802.

C.          Disability Discrimination Claim

According to Hubbard, the District Court erred when it found he did not set forth a prima facie case of disability discrimination under the Americans with Disabilities Act ("ADA").

A prima facie case of discrimination under the ADA includes a showing that the plaintiff (1) is disabled within the ADA's definition, (2) is otherwise qualified to perform the essential functions of his job, and (3) has suffered an adverse employment decision as a result of his disability. *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 142 (3d Cir. 1998). The District Court held that Hubbard's case failed the first prong because he did not show he has a disability within the ADA's definition. *See* 42 U.S.C. § 12102(2).

5

We concur with the District Court's determination, as Hubbard did not allege impairment of any major life activity. Even if we were to inquire into the severity of Hubbard's impairment, the insurance carrier's belief that he was able to return to work as of March 1999 is indicative that Hubbard cannot show a disability under the ADA's strict standard.

D.        Retaliation Claim

Hubbard asserts it was error for the District Court to order summary judgment on behalf of the Springfield BOE on his retaliation claim. The District Court held that, as with his other discrimination claims, Hubbard failed to demonstrate a prima facie case.

A prima facie case of retaliation requires showings that (1) the plaintiff was engaged in a protected activity, (2) the employer took an adverse employment action at the time of or subsequent to the protected activity, and (3) there was a causal link between the activity and the employment action. *Shaner v. Synthes,* 204 F.3d 494, 500 (3d Cir. 2000). The District Court found that Hubbard's retaliation claim failed to satisfy the first prong, as he alleged retaliation based on race and disability, rather than a protected activity. Even assuming the activity in question was Hubbard's filing of an Equal Employment Opportunity claim, which would be protected, the District Court said his claim failed on the second and third prongs. We will affirm the District Court.

E.        Breach of Contract Claim

The District Court granted summary judgment to the Springfield BOE on Hubbard's breach of contract claim. Hubbard contends the Springfield BOE breached an oral promise that it would provide him continued employment and promote him to Maintenance Coordinator. We agree with the District Court that there is no issue of material fact as to this "promise," which was neither binding nor firm. The "promise" of continued employment expired, if it existed at all, when Hubbard demonstrated he lacked the demeanor to be trusted with students as a bus driver. Additionally, the "promise" of promotion was conditional. Hubbard was to be promoted only if he performed satisfactorily, the current Maintenance Coordinator retired, and the BOE approved him.

F.     Due Process Claim

The District Court did not directly address whether there was a due process violation based on lack of notice by the Springfield BOE. The Court, however, touched on Hubbard's due process claims in its opinion. Dist. Ct. Op., 22-23. We apply a plenary standard of review to this question of law.

Hubbard alleges the Springfield BOE denied him his constitutional right to due process by failing to provide supplemental information with its notification that Hubbard's contract was not being renewed. Hubbard cites New Jersey Statute § 18A:27-4.1(b) to say the Springfield BOE should have provided him with the reasons his contract was not renewed and notified him that he had a right to appear before the BOE to contest the decision. Hubbard misconstrues the statute, however, when he reads it as affording

7

him an automatic right. The information and opportunity need only be provided upon written request, which was not made here. *See* N.J. Stat. § 18A:27-4.1(b) (referencing N.J. Stat. § 18A:27-3.2); N.J.A.C. § 6:3-4.2(a). Similarly, Hubbard's reliance on *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), is ineffective, as that case's recognition of a property interest in a job is inapplicable. We do not equate the non-renewal of Hubbard's annual contract with the termination of Loudermill's employment contract, under which he could be fired only for cause. Hubbard's due process claim thus fails.

## III. CONCLUSION

For the reasons set forth, we will affirm the District Court's order of summary judgment in favor of the Springfield BOE. We will also refuse to disturb the District Court's denial of Hubbard's motion for reargument, as Hubbard has not established that the District Court abused its discretion.

_____

TO THE CLERK:

Please file the foregoing opinion.

  /s/ Richard L. Nygaard  
Circuit Judge

8